**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2017[*]
Decided November 9, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2941

| | |
|---|---|
| MICHAEL S. WILSON, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Southern District of Illinois. |
| *v.* | |
| | No. 14-CV-71-NJR-DGW |
| DONALD GAETZ and | |
| MICHELLE CREWS, | Nancy J. Rosenstengel, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Michael Wilson, an Illinois inmate, claimed that the warden and law librarian at Pinckneyville Correctional Center violated his First Amendment right to access the courts. *See* 42 U.S.C. § 1983. The district court entered summary judgment for the defendants, reasoning that they were shielded by qualified immunity. Wilson appeals.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

The underlying facts are undisputed. Wilson asked to use the law library in March 2012 while litigating against his ex-wife in state court over his involvement with their son. Wilson contended that his ex-wife was hindering his communication with the boy and he was working on a petition asking the state judge to intervene in this dispute. Michelle Crews, the law librarian, denied Wilson's request, explaining that inmates working on criminal and civil-rights matters are given priority to use the library. The library is not equipped to assist with family-law matters, Crews explained, though she promised to "see about getting you in" if space became available. Wilson filed a grievance contesting this answer, but Warden Donald Gaetz rejected it.

The following month Wilson asked Crews for the address of the Peoria County courthouse as well as a form to request a hearing before a judge. Crews complied but reminded him that criminal and civil-rights cases are the priority of library staff.

Wilson then filed a petition in state court asking for a hearing on his allegation that his ex-wife was violating an order authorizing him to communicate with his son. The judge denied the first petition in June 2012 because Wilson had not appeared in court or served his ex-wife. Eight months later, in February 2013, Wilson filed another petition in state court, this time demanding full parental rights. He asked the judge to set the matter for a hearing and issue a writ of habeas corpus ad testificandum. The record does not disclose how the judge responded, though prison administrators told Wilson that the state court had not issued a writ requiring his presence.

In January 2014 Wilson filed this suit against Gaetz and Crews, accusing them of depriving him of access to the courts by (1) refusing his March 2012 request to use the law library; (2) prioritizing criminal and civil-rights matters over his case; and (3) not transporting him to court in June 2012 when his first petition was considered. At summary judgment the defendants principally contended that they were entitled to qualified immunity on the ground that Wilson did not have a clearly established right to legal resources or assistance in family-court matters. A magistrate judge accepted that contention, and the district judge agreed, reasoning that there is no controlling precedent recognizing a prisoner's right to use a law library for matters other than criminal and civil-rights cases.

On appeal Wilson contends that his right of access to the courts encompassed family-law matters and so his request to use the law library for that purpose should not have been denied. He also contends that he had a right to be present for hearings in state court on such matters.

Qualified immunity protects government officials from civil liability as long as their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see Gill v. City of Milwaukee*, 850 F.3d 335, 340 (7th Cir. 2017). We undertake a two-step analysis to determine whether government officials are entitled to qualified immunity. First, we determine whether the facts, viewed in the light most favorable to the plaintiff, show a violation of a constitutional right. *Gill*, 850 F.3d at 340. We then evaluate whether the constitutional right was clearly established at the time of the alleged violation. *See id.*

Prisoners have a constitutional right to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 824 (1977). This right requires that prison officials give inmates the tools to attack their sentences and to challenge the conditions of their confinement. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004). The right to access the courts also protects "the right to file other civil actions in court that have a reasonable basis in law or fact." *Snyder*, 380 F.3d at 290. We assume for the sake of argument that this right covers Wilson's requests for assistance in his family-court case.

Still, the district court was correct to enter summary judgment because a jury could not reasonably find from the evidence that Wilson's inability to use the law library prevented him from pursuing a nonfrivolous, or potentially meritorious, legal action. *See Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Wilson filed two petitions in state court asking for specific relief in his dispute with his ex-wife. He also knew enough to seek a writ from the state judge compelling his appearance. As far as this record shows, the state court never issued a writ, and there is no evidence that the defendants prevented Wilson from seeking relief from the state judge or appearing in court. Wilson's submissions to the state court demonstrate that his access to the courts was unimpeded. Accordingly, a reasonable jury could not find the defendants liable for interfering with or otherwise depriving Wilson of his right to access the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

We have considered Wilson's other contentions but none has merit. The judgment of the district court is AFFIRMED.